**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| PHARAOH EL-FOREVER AMEN EL, | |
| Plaintiff, | Civil No. 18-2545 (JRT/HB) |
| v. | **ORDER ON OBJECTIONS AND MOTION TO DISQUALIFY MAGISTRATE JUDGE** |
| TOM ROY, | |
| Defendant. | |

---

Pharaoh El-Forever Amen El, 310 Eighth Avenue South, Apartment 106, St. Cloud, MN 56301, *pro se* plaintiff.

Kathryn M. Keena, **DAKOTA COUNTY ATTORNEY'S OFFICE**, 1560 Highway Fifty Five, Hastings, MN 55033, for defendant.

On August 29, 2018, pro se plaintiff Pharaoh El-Forever Amen El ("Amen El") filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus ("§ 2254 Petition"). (Pet., Aug. 29, 2018, Docket No. 1.) He filed a concurrent motion for stay and abeyance ("First Motion to Stay"), asking that the Court stay his petition until he could exhaust "all, or certain claims." (Mot. to Stay, Aug. 29, 2018, Docket No. 2.) On September 7, United States Magistrate Judge Hildy Bowbeer ordered that Respondent Tom Roy respond to Amen El's § 2254 Petition and First Motion to Stay within thirty days. (Order for Party to Respond, Sept. 7, 2018, Docket No. 4.) The Magistrate Judge noted that Amen El would have 30 days to file a reply to Roy's answer but that "[n]o further submissions from either party [would] be permitted, except as expressly authorized by Court order." (*Id*. at 2.)

On September 12, Amen El filed another motion for stay and abeyance ("Second Motion to Stay"), asking that the Court grant a stay so that he "might achieve full exhaustion of the relevant claims." (2d Mot. to Stay, Sept. 12, 2018, Docket No. 7.) The Magistrate Judge denied the Second Motion to Stay as repetitive because it sought the same remedy as the First Motion to Stay. (Order at 2, Sept. 14, 2018, Docket No. 8.) The Magistrate Judge indicated that, if Amen El's Second Motion to Stay was an attempt to argue that a change in circumstances might provide further justification for a stay, he could make such an argument in his reply to Roy's response. (*Id.*)

Amen El subsequently filed two objections to the Magistrate Judge's Order for Party to Respond, (Objs., Sept. 19, 2018, Docket No. 9); a Motion to Disqualify the Magistrate Judge, (Mot. to Disqualify Magistrate Judge, Sept. 19, 2018, Docket No. 10); a brief in support of his First Motion to Stay, (Pl.'s Supp. Brief, Sept. 19, 2018, Docket No. 11); and a memorandum and accompanying affidavit in support of his § 2254 Petition, (Pl.'s Supp. Mem., Sept. 19, 2018, Docket No. 12; Aff. of Pharaoh El-Forever Amen El, Sept. 19, 2018, Docket No. 13).

The Court will overrule Amen El's first objection because Magistrate Judge Bowbeer did not clearly err and will overrule his second objection as moot. As such, the Court will affirm the Magistrate Judge's Order for Party to Respond. Furthermore, because Amen El has not demonstrated that Magistrate Judge Bowbeer's impartiality might reasonably be questioned or that she is biased, the Court will deny Amen El's motion to disqualify her.

# DISCUSSION

**I. OBJECTION**

"A district court's review of a magistrate judge's decision on nondispositive matters is 'extremely deferential.'" *4Brava, LLC v. Sachs*, No. CV 15-2743, 2018 WL 2254568, at *1 (D. Minn. May 17, 2018) (quoting *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007)). The Court will reverse such a decision only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a). For a decision to be clearly erroneous, the Court must have a "definite and firm conviction that a mistake has been committed." *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

Amen El objects to the Magistrate Judge's Order for Party to Respond, arguing that: (1) Roy should respond to Amen El's brief and memorandum, not his Petition; and (2) the Court should decide the First Motion to Stay before considering other filings. (Objs.)

Construing Amen El's first objection liberally, it appears to be an argument that the Court should consider Amen El's brief and memorandum, not simply his § 2254 Petition. A brief or memorandum of law is usually filed together with a motion. Amen El did not file a brief or memorandum alongside his petition; thus, Magistrate Judge Bowbeer reasonably understood the § 2254 Petition to be the full extent of Amen El's claim. Because Amen El has presented no reasons for finding the Magistrate Judge's order on this issue clearly erroneous or contrary to law, the Court will overrule the objection. However, in the interest of recognizing the challenges faced by Amen El as a pro se petitioner and as a prisoner petitioner, the Court will construe Amen El's objection as a request that the

Court allow additional filings in the form of his brief and memorandum of law. The Court will grant this request and ask that the Magistrate Judge consider these additional filings.

The Court will overrule Amen El's second objection as moot. Nothing in Magistrate Judge Bowbeer's order suggests that she will not address the First Motion to Stay prior to addressing his § 2254 Petition. Magistrate Judge Bowbeer will necessarily have to decide whether to stay review of Amen El's § 2254 Petition before reviewing it.

## II. MOTION TO DISQUALIFY THE MAGISTRATE JUDGE

A magistrate judge should disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). She should also disqualify herself when she "has a personal bias or prejudice concerning a party. . . ." *Id.* at § 455(b). Amen El makes several allegations in support of his motion to disqualify Magistrate Judge Bowbeer from this matter, but none of them support disqualification.

First, Amen El notes that Magistrate Judge Bowbeer has presided over several matters involving him and a matter involving his mother. But Amen El does not allege that Magistrate Judge Bowbeer's treatment of him or of his mother was not impartial or that she demonstrated a personal bias or prejudice against them in those cases.

Second, Amen El alleges that, in a previous matter involving him, Magistrate Judge Bowbeer was either removed from the case or recused herself. But the referenced case was randomly reassigned to Magistrate Judge Katherine M. Menendez upon her appointment to the bench. (Civil No. 15-2197, Clerk's Notice of Reassignment, May 12, 2016, Docket No. 80.) Reassignment had nothing to do with bias or the appearance thereof.

Third, Amen El alleges that Magistrate Judge Bowbeer has refused to acknowledge his pro se status and afford liberal construction of his claims. This argument fails because it is unsupported. Amen El does not explain when and how Magistrate Judge Bowbeer failed to liberally construct his arguments as a pro se party. Without more, the Court is unable to determine whether this argument has any merit. Indeed, Magistrate Judge Bowbeer's treatment of Amen El in this case demonstrates that she appreciates and considers the challenges of litigating pro se and while incarcerated. For instance, in her order denying Amen El's Second Motion to Stay, Magistrate Judge Bowbeer noted that she had instructed the parties not to file any submissions without express authorization from the Court. But she considered Amen El's filing anyway, noting that he may not have received her order before filing the motion because he was incarcerated. (Order at 2.) In the same order, Magistrate Judge Bowbeer acknowledged that Amen El's Second Motion to Stay may have been an attempt to argue that a change in circumstances provided additional justification for a stay, (*id.*), even though such an argument was not explicitly made in his motion. Thus, it is clear that Magistrate Judge Bowbeer attempted to construe Amen El's motion liberally given his pro se status.

Even if Amen El had alleged facts supporting his allegation that Magistrate Judge Bowbeer failed to liberally construe his claims, the allegation would not demonstrate partiality or personal bias. It is rather an argument that Magistrate Judge Bowbeer erred under the law in construing Amen El's claims. Such an argument could be raised as an objection to a report and recommendation on a dispositive matter or as an appeal to a decision on a nondispositive matter, at which point this Court would review it.

Fourth and finally, Amen El argues that Magistrate Judge Bowbeer favored Roy by giving him direction on how to defeat Amen El's motion for stay by mentioning procedural default. Even if the Magistrate Judge's order could be construed as giving Roy direction, this direction would not indicate partiality or bias. It is not up to Roy to "defeat" Amen El's motion; rather, the Court must consider whether procedural default bars federal habeas review of Amen El's claim irrespective of Roy's response. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified on other grounds*, *Martinez v. Ryan*, 566 U.S. 1 (2012).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Magistrate Judge's Order for Party to Respond [Docket No. 9] are **OVERRULED**, and the Magistrate Judge's Order for Party to Respond [Docket No. 4] is **AFFIRMED**.

2. The Magistrate Judge is ordered to consider Petitioner's Brief in Support of his First Motion to Stay [Docket No. 11] and his Memorandum and Affidavit in Support of his Petition for Writ of Habeas Corpus [Docket Nos. 12-13]**.**

3. Plaintiff's Motion to Disqualify Magistrate Judge [Docket No. 10] is **DENIED**.

DATED: October 30, 2018                        _____s/John R. Tunheim\_\_\_\_\_
at Minneapolis, Minnesota.                             JOHN R. TUNHEIM
                                                                                  Chief Judge
                                                          United States District Court