UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pharaoh El-Forever Amen El,<br><br>Petitioner,<br><br>v.<br><br>Tom Roy,<br><br>Respondent. | Case No. 18-cv-2545 (JRT/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Petitioner Pharaoh El-Forever Amen El's Motion to Stay in Abeyance [Doc. No. 2]. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying the motion.

## I.   BACKGROUND

On November 3, 2015, Amen El was convicted of murder in the second-degree. *See* (Exs. [Doc. No. 21-2 at 777].[1]). Amen El appealed his conviction to the Minnesota Court of Appeals, which affirmed the conviction, and petitioned the Minnesota Supreme Court for review, which was denied. *See* (*id.* at 793–886, 888–94, 907.) Before the Minnesota Court of Appeals, Amen El argued that the trial court erred when it allowed the state to introduce certain DNA evidence. *See* (*id.* at 804–17.) These arguments were supported citing only state law statutes, rules of criminal procedure, and cases. *See* (*id.* at

---

[1] When referencing the exhibits, CM/ECF pagination is used.

1

795, 804–17.) Amen El filed a *pro se* brief that largely tracks with his attorney's brief and appears to be premised on state law issues only. *See* (*id.* at 866–69.)

Next, Amen El brought a first petition for postconviction relief in state court on July 14, 2017. (*Id.* at 777.) The basis for this petition was that Amen El: "a. Claimed new evidence regarding the DNA testing done by the BCA; b. Claimed the Court of Appeals allows a new trial in these circumstances; [and] c. A claimed violation of Petitioner's Equal Protection rights based upon an inability to conduct DNA tests." (*Id.* at 778.) This petition was denied under an application of *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). *See* (*id.*)

On September 1, 2017, Amen El brought a second petition for postconviction relief. *See* (*id.* at 781.) Amen El's "second petition for post-conviction relief provide[d] no additional information or new basis for relief" in light of his first petition. (*Id.* at 782.) Consequently, Amen El's second petition was also denied on the basis of *Knaffla*. *See* (*id.* at 782–83.)

On June 19, 2018, Amen El brought a third petition for postconviction relief. *See* (*id.* at 784.) In this petition, Amen El argued that he was required to choose between two constitutional protections: "the right to a speedy trial and the right to effective assistance of counsel." (*Id.* at 785.) Amen El's third petition was denied, yet again, under an application of *Knaffla*. *See* (*id.* at 786–92.)

Amen El brought yet another petition for postconviction relief on September 2, 2018. *See* (Addendum [Doc. No. 30-1 at 2–6].[2]). In this petition for postconviction relief, Amen El asserts that *Simmons v. United States*, 390 U.S. 377 (1968), entitles him to relief. *See, e.g.*, (*id.* at 2–5.) There is nothing before the Court indicating that Amen El's most recent petition for postconviction relief has been decided.

Amen El's Petition Under 28 U.S.C. § 2254 for Writ of habeas Corpus by a Person in State Custody ("Petition") [Doc. No. 1] raises multiple grounds for relief: 1) Amen El was "forced to choose between two constitutional rights due to state[']s discovery violation and court not suppressing evidence"; 2) Amen El's conviction violated his rights to a speedy trial; 3) Due Process violations; 4) violations under the First Amendment and Amen El's "freedom to contract" rights. *See* (Pet. at 5–10.) It is in the context of the first ground that Amen El asserts *Simmons*, although the Court notes that Amen El cites other cases in support of the first ground that are not implicated by the instant motion. *See* (*id.* at 3–5.) Amen El acknowledges that he has not exhausted all his grounds in his Petition in state court. *See* (Pet. at 12.)

Amen El brings the instant motion asking to stay in abeyance the instant petition to allow him "to exhaust the presentation of the United States case he relies on to achieve relief." (Mot. to Stay in Abeyance at 1.) Specifically, Amen El argues that *Simmons* "must be squarely presented to the lesser courts to exhaust all state remedies."[3] (*Id.*)

---

[2]  When referencing the addendum, CM/ECF pagination is used.
[3]  In addition, Amen El filed a submission that was labelled by the Clerk's Office as a Brief in Support of his Motion to Stay in Abeyance. *See* [Doc. No. 11] (docket text). But this submission merely argues the merits of Amen El's Petition. *See generally* [Doc. No.

## II.  DISCUSSION

### A.  Legal Standard

An application for writ of habeas corpus is only available to those in custody that exhaust their available state remedies. *See* 28 U.S.C. § 2254(b)–(c). Exhaustion is a federal requirement that "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). As a result, "state prisoners must give the state courts one full opportunity to resolve any [federal] constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* Stated differently, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted) (internal quotation marks omitted).

Where there are both exhausted and unexhausted claims, the petition is considered a "mixed petition." *See Jackson v. Fabian*, No. 09-cv-845 (JRT/AJB), 2010 WL 3269882, at *3 (D. Minn. Aug. 17, 2010) (Tunheim, J.).  In situations where a petitioner presents a mixed petition in federal court, the Supreme Court has recognized a stay and abeyance procure to allow a petitioner to exhaust the unexhausted claims.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2000).  But this procedure is not appropriate in all circumstances.  Specifically,

---

11].  The Court is not addressing the merits of Amen El's entire Petition at this time; the merits of the Petition will be the subject of another Report and Recommendation issued in due course.

4

> stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.*

**B.     Analysis**

The Court concludes that a stay is not appropriate under the circumstances because Amen El has failed to establish good cause for his failure to exhaust his state court remedies, and because his claim based on *Simmons* is plainly meritless. The Court addresses each in turn.

As described above, Amen El both appealed his conviction and applied for postconviction relief on numerous occasions. Amen El has not offered any reason—and the Court can see no reason—why he failed to raise *Simmons,* a 1968 decision of the United States Supreme Court, in his prior state court proceedings. Consequently, Amen El has not established good cause for his failure to exhaust any argument based upon *Simmons* long before now.

In addition—and relatedly—even if Amen El established good cause, his arguments for habeas relief premised on *Simmons* cannot be considered on the merits in federal court. Specifically, because Amen El could have and should have asserted *Simmons* at the time of his direct appeal, any arguments Amen El has that are premised on *Simmons* are procedurally defaulted under *Knaffla*. *See Knaffla*, 243 N.W.2d at 741 (stating "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for

5

postconviction relief"). That is, in situations where a claim is unexhausted, but no state court remedy exists (because, e.g., procedural rules would prevent further attempts at exhaustion), the claim is also considered procedurally defaulted. *See, e.g., Murphy v. King*, 652 F.3d 845, 848–50 (8th Cir. 2011). When a claim is procedurally defaulted, federal courts are prevented from adjudicating the claim on the merits unless a petitioner can demonstrate cause and prejudice, "or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (internal quotation marks omitted). Amen El has provided no reasons that would excuse the procedural default.

Furthermore, there are no exceptions available to Amen El under *Knaffla*. "The primary exceptions . . . are where a novel legal issue is presented, or the interest of fairness require relief." *Murphy*, 652 F.3d at 849 (citing *Washington v. State*, 675 N.W.2d 628, 630 (Minn. 2004)). Here, Amen El's reliance on *Simmons* is not novel, nor do any of his arguments suggest that interests of justice require review. As a result, *Knaffla* acts to bar Amen El's attempts at asserting *Simmons* in any subsequent request for postconviction relief, including the attempt that is the subject of the instant motion. *See Murphy*, 652 F.3d at 848–50; *see also Brown v. State*, 746 N.W.2d 640, 642 (Minn. 2008) ("*Knaffla* similarly bars postconviction review of claims that could have been raised in a previous postconviction petition."); *Knaffla*, 243 N.W.2d at 741. Consequently, there is no basis to stay the proceeding to allow Amen El to "exhaust" an obviously procedurally defaulted claim. "Staying habeas proceedings is futile when a claim is procedurally defaulted." *Evans v. King*, No. 10-cv-4045 (SRN/SER), 2011 WL

6

3837090, at *4 (D. Minn. July 29, 2011) (Rau, Mag. J.) (citing cases), *adopted by* 2011 WL 3837086 (Nelson, J.); *see also Boss v. Ludwick*, 863 F. Supp. 2d 845, 860–61 (N.D. Iowa 2012).

The Court emphasizes that to the extent ground one of Amen El's habeas petition is premised on arguments other than an application of *Simmons*, nothing in this Report and Recommendation is intended to comment on the merits of those arguments or on whether they have been procedurally defaulted. The Court will address any other bases for ground one, along with the other three grounds for Amen El's petition, when it issues a Report and Recommendation on the petition itself.

### III.   RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Pharaoh El-Forever Amen El's Motion to Stay in Abeyance [Doc. No. 2] be **DENIED**.


Dated: January 16, 2019                  s/ *Hildy Bowbeer*
                                         HILDY BOWBEER
                                         United States Magistrate Judge


#### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days

after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).