**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| PHARAOH EL-FOREVER AMEN EL,<br><br>     Plaintiff,<br><br>v.<br><br>TOM ROY,<br><br>     Defendant. | Civil No. 18-2545 (JRT/HB)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |

Pharaoh El-Forever Amen El, No. 228679, MCF – Rush City, 7600 Five Hundred Twenty-Fifth Street, Rush City, MN 55069, *pro se* plaintiff.

Kathryn M. Keena, **DAKOTA COUNTY ATTORNEY'S OFFICE**, 1560 Highway Fifty-Five, Hastings, MN 55033, for defendant.

On August 29, 2018, pro se plaintiff Pharaoh El-Forever Amen El ("Amen El") filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus ("§ 2254 Petition"). He filed a concurrent motion for stay and abeyance ("Motion to Stay"), asking the Court to stay his petition until he could exhaust the presentation of a Supreme Court case, *Simmons v. United States*, 390 U.S. 377, 394 (1968), to the Minnesota courts. The Court has before it the Report and Recommendation ("R&R") of United States Magistrate Judge Hildy Bowbeer, recommending that the Court deny the Motion to Stay. Amen El objects.

Because Amen El has not demonstrated cause for his failure to squarely present *Simmons* to the Minnesota courts, the Court will overrule his objections, adopt the R&R, and deny Amen El's Motion to Stay.

- 1 -

## BACKGROUND

Amen El was convicted of murder in the second degree on November 3, 2015, and was sentenced to 203 months in prison. (2d Ex. to Brief of Tom Roy ("2d Ex.") at 777, Oct. 17, 2018, Docket No. 21-2.) He appealed his conviction to the Minnesota Court of Appeals, which affirmed the conviction, and filed a petition for review with the Minnesota Supreme Court, which denied review. *State v. Thomas*, No. A16-0446, 2017 WL 1375279, at *1 (Minn. Ct. App. Apr. 17, 2017), *review denied* (Minn. June 28, 2017). On appeal, he submitted two briefs – one by his counsel and another pro se – citing Minnesota law to argue that the trial court erred in allowing the state to introduce certain DNA evidence. (2d Ex. at 793-817, 863-69). Relevant to the present motion, his counsel argued that Amen El "was forced to decide between [two] constitutional rights: the right to a speedy trial and the right to effective assistance of counsel." (2d Ex. at 816.)

Amen El brought his first petition for postconviction relief in state court on July 14, 2017. (*Id.* at 778.) He sought relief based on "new evidence regarding the DNA testing done by the BCA," argued that the Court of Appeals allows a new trial in such circumstances, and claimed an Equal Protection violation due to his "inability to collect DNA tests." (*Id.*) The court denied relief, finding that his petition was barred by *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976), and did not satisfy one of the exceptions set forth in *Powers v. State*, 731 N.W.2d 499, 502 (Minn. 2007).[1] (*Id.*)

---

[1] *Knaffla* held that, if a Minnesota defendant directly appeals his or her conviction, a Minnesota court considering postconviction relief cannot consider matters raised in the direct

*(footnote continued on next page)*

Amen El brought a second petition for postconviction relief in state court on September 1, 2017. (*Id.* at 781.) The second petition "provide[d] no additional information or new basis for relief" and was also denied based on *Knaffla*. (*Id.* at 782-83.)

Amen El brought a third petition for postconviction relief in state court on June 19, 2018, arguing that he had been forced to choose between two constitutional rights: speedy trial and effective assistance of counsel. (*Id.* at 784-85.) His third petition was also denied based on *Knaffla*. (*Id.* at 787-92.)

On September 2, 2018, Amen El appealed the denial of his three petitions for postconviction relief to the Minnesota Court of Appeals. (1st Ex. to Opp. Mem. of Tom Roy at 2-6, Nov. 15, 2018, Docket No. 30-1.) He argued that his post-conviction petitions fell under the exceptions to *Knaffla* because: (1) the discovery violation at issue resulted in an unfair advantage to the state, and (2) *Simmons* applies to his case but was not presented on direct appeal because his counsel denied his request to present it. (*Id.*)

On August 29, 2018, Amen El filed his § 2254 Petition in this Court. (Pet., Aug. 29, 2018, Docket No. 1.) He raises four grounds for relief, including that he was forced to choose between two constitutional rights due to the state's discovery violations and the court's refusal to suppress evidence. (*Id.* at 5-10.) Amen El acknowledges that he has not exhausted all his arguments in state court. (*Id.* at 12.) The merits of his § 2254 Petition are not presently before the Court. (*See* R&R at 3 n.3, Jan. 16. 2019, Docket No. 32.)

---

appeal or claims known but not raised in the direct appeal. 243 N.W.2d at 741. *Powers* outlined two exceptions to *Knaffla*: (1) if a novel legal issue is presented, or (2) if the interests of justice require review. 731 N.W.2d at 502.

Along with his § 2254 Petition, Amen El filed the Motion to Stay, asking the Court to stay his petition until he could exhaust "all, or certain claims." (Mot. to Stay at 1, Aug. 29, 2018, Docket No. 2.) Specifically, he asks that the Court stay his § 2254 petition to allow the Minnesota courts to "squarely" consider application of *Simmons* to his case. (*Id.*) Amen El asserts *Simmons* in support of his claim that he was forced to choose between two constitutional rights. (Pet. at 3.)[2]

Presently before the Court is the Magistrate Judge's R&R recommending that the Court deny the Motion to Stay because Amen El "failed to establish good cause for his failure to exhaust his state court remedies, and . . . his claim based on *Simmons* is plainly meritless." (R&R at 5.) Amen El objects. (Objs., Feb. 15, 2019, Docket No. 35.) He argues that he can show cause because he asked his counsel to present *Simmons* on appeal, but his counsel denied his request. (*Id*. at 1.) He also argues that *Simmons* applies to his case because "it is intolerable that one constitutional right should have to be surrendered in order to assert another." (*Id.* (quoting *Simmons*, 390 U.S. at 394).)

Because Amen El has not demonstrated cause for his failure to squarely present *Simmons* to the Minnesota courts, the Court will overrule Amen El's objections, adopt the R&R, and deny the Motion to Stay.

---

[2] Amen El appears to argue that he exhausted his claim that he was forced to choose between two constitutional rights by raising it in his direct state court appeal, (Pl.'s Mem. at 1, Sept. 19, 2018, Docket No. 11), but that he did not exhaust arguments based on *Simmons* before the Minnesota courts, (Mot to Stay at 1). Like the R&R, this Order only addresses whether Amen El has demonstrated cause for his failure to exhaust any *Simmons*-based arguments in support of his broader claim. (*See* R&R at 7.) It is not intended to decide the merits of his claim or any other arguments in support of it, nor is it intended to address whether the claim or other arguments are procedurally defaulted. (*See id.*)

# DISCUSSION

## I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). To be proper, the objections must specifically identify the portions of the R&R to which the party objects and explain the basis for the objections. *Turner v. Minnesota*, No. 16-3962, 2017 WL 5513629, at *1 (D. Minn. Nov. 17, 2017).

## II. STAY AND ABEYANCE PROCEDURE

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Claims may be procedurally defaulted if they are not fairly presented before the state courts and are no longer reviewable by the state courts because of the state's procedural rules." *Krieger v. Minnesota*, No. 13-1942 (JRT/HB), 2015 WL 470811, at *4 (D. Minn. Feb. 4, 2015).

Habeas petitions that mix exhausted and unexhausted claims may not be adjudicated by federal district courts. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005). However, courts may stay mixed petitions and hold them in abeyance while a petitioner returns to state court to exhaust previously unexhausted claims. *Id.* at 275-77. This "stay-and-abeyance"

procedure avoids the risk that a petitioner forever loses the opportunity for federal review of the unexhausted claims due to AEDPA's 1-year statute of limitations. *Id*. at 275-76. Nevertheless, this procedure may only be used if "the petitioner had good cause for his failure to exhaust, [the] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.

### III.   AMEN EL'S OBJECTIONS

####    A.   Good Cause

The Magistrate Judge found that Amen El had "not offered any reason – and the Court can see no reason – why he failed to raise *Simmons*, a 1968 decision of the United States Supreme Court, in his prior state court proceedings." (R&R at 5.) Amen El objects on the grounds that he asked his counsel to raise *Simmons* on direct appeal and his counsel refused.[3] (Objs. at 1.) But "attorney error that results in a procedural default" does not constitute good cause "unless the attorney's performance was constitutionally deficient." *Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005). Amen El does not argue that his appellate counsel was constitutionally ineffective. As such, the Court will overrule his objection and adopt the R&R as to Amen El's failure to show good cause.

####    B.   Applicability of *Simmons* to Amen El's Case

The Magistrate Judge also found that any arguments premised on *Simmons* are meritless because they would be barred under *Knaffla* since Amen El failed to raise them

---

[3] Notably, Amen El filed a pro se reply brief in support of his direct appeal, and he has not explained why he did not mention *Simmons* in his pro se brief. (*See* 2d Ex. at 863-69.)

on direct appeal and no *Knaffla* exceptions are available to him. The Magistrate Judge concluded that "[s]taying habeas proceedings is futile when a claim is procedurally defaulted." (R&R at 6 (quoting *Evans v. King*, No. 10-cv-4045, 2011 WL 3837090, at *4 (D. Minn. July 29, 2011), *R&R adopted*, 2011 WL 3837086). Amen El's objection states: "Regarding the [court's] contention that *Simmons* and its persuasive authority is inapplicable to the relevant case, Petitioner objects." (Objs. at 1.) Amen El appears to misunderstand the Magistrate Judge's conclusion, which was not that *Simmons* does not apply to his case, but rather that his *Simmons*-based claim is meritless because it is barred by *Knaffla*. Amen El has not provided any argument as to why his claim is not barred by *Knaffla* or is subject to a *Knaffla* exception. As such, the Court will overrule this objection.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation [Docket No. 35] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 32] is **ADOPTED**; and

3. Plaintiff's Motion to Stay [Docket No. 2] is **DENIED**.

DATED: March 11, 2019  
at Minneapolis, Minnesota.

                                                JOHN R. TUNHEIM  
                                                Chief Judge  
                                                United States District Court