# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| PHARAOH EL-FOREVER AMEN EL,<br><br>Petitioner,<br><br>v.<br><br>Paul Schnell,[1] *in his official capacity as Commissioner of the Minnesota Department of Corrections*,<br><br>Respondent. | Civil Nos. 18-2545, 20-547 (JRT/HB)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Pharaoh El-Forever Amen El, No. 228679, MCF- Stillwater, 970 Pickett St. N., Bayport, MN 55003, *pro se*.

Matthew Frank, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101; and Kathryn M. Keena, Chief Deputy Dakota County Attorney, **DAKOTA COUNTY ATTORNEY'S OFFICE**, 1560 Highway 55, Hastings, MN 55033, for defendant.

On August 29, 2018, pro se Petitioner Pharaoh El-Forever Amen El filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. On August 7, 2019, United States Magistrate Judge Hildy Bowbeer issued a Report and Recommendation ("R&R") recommending that the Court deny Amen El's Petition and dismiss without a Certificate of Appealability. Amen El then filed an Objection to the R&R, a Motion for Default Judgment, a request to supplement his filings, and also recently filed a new case making

---

[1] Paul Schnell was automatically substituted here in place of former Commissioner Tom Roy via Fed. R. Civ. P. 25(d).

the same claim made in his first Petition. On de novo review, the Court will overrule Amen El's Objections, adopt the Magistrate Judge's R&R, deny Amen El's Motion for Default Judgment, grant Amen El's motion to supplement as it was already filed, and deny Amen El's two Petitions for habeas relief without a Certificate of Appealability.

## BACKGROUND[2]

In August 2014, Amen El was indicted on one count of attempted second-degree murder, one count of drive-by shooting, and one count of firearm possession by an ineligible person.[3] *State. v. Thomas* ("*Thomas I*"), A16-0446, 2017 WL 1375279, at *1 (Minn. Ct. App. Apr. 17, 2017), *rev. denied* (Minn. June 28, 2017). Amen El invoked his right to a speedy trial and a trial was set for November 10, 2014. *Id.*

In October 2014, while Amen El was incarcerated awaiting trial on the attempted murder and related charges, Amen El was indicted on ten counts of first- and second-degree murder in an unrelated case. *State v. Thomas* ("*Thomas II*"), No. A15-1542, 2017 WL 1375278, at *3 (Minn. Ct. App. Apr. 17, 2017).

On November 10, in the attempted murder and drive-by shooting case, the State requested a one-week continuance because they had not yet received the results from certain DNA testing. *Thomas I*, 2017 WL 1375279, at *2. The trial court initially denied

---

[2] The background is recited here only to the extent necessary to rule on Amen El's submissions. A more complete recitation of Amen El's underlying criminal charges and the basis for his claims can be found in the R&R. (*See* R&R, Aug. 7, 2019, Docket No. 37.)

[3] At the time of his trial, Amen El was known as DeSean Lamont Thomas. (R&R at 1.)

the request but, when the parties appeared two days later to begin the jury trial, the court granted a one-week continuance and admitted the recently-received DNA evidence that implicated Amen El. *Id.*

Amen El moved to suppress and the parties appeared on December 15, 2014 for a hearing on Amen El's suppression motion. *Id.* at *3. The district court denied Amen El's motion and indicated it was prepared to proceed with trial. *Id.* Amen El argued that proceeding immediately would amount to ineffective assistance of counsel because he did not have an opportunity to examine the DNA evidence. *Id.* Thus, Amen El waived his right to speedy trial and trial was continued until late October 2015. *Id.*

While preparing for his trial on the attempted-murder charges, Amen El was convicted of second-degree murder on May 27, 2015 in the other case and was sentenced to 451 months in prison. *Thomas II*, 2017 WL 1375278, at *3.

In November 2015, a jury found Thomas guilty on all counts in the attempted-murder case and he was sentenced to 203 months in prison. *Thomas I*, 2017 WL 1375279, at *3.

On direct appeal of the attempted-murder conviction, Amen El argued that (1) the district court abused its discretion by allowing the state to present DNA evidence despite allegedly prejudicial discovery violations; (2) prosecutorial misconduct; (3) irregularities in the proceedings; and (4) evidentiary challenges. The Court of Appeals affirmed Amen El's conviction. *Thomas I,* 2017 WL 1375279, at *7.

On August 29, 2018, Amen El filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Pet. For Writ of Habeas Corpus, Aug. 29, 2018, Docket No. 1.) In his Petition, Amen El argues that his convictions in the attempted-murder case should be reversed on four grounds: (1) he was forced to choose between two constitutional rights due to a discovery violation by the state; (2) the trial court violated his right to a speedy trial; (3) his due process rights were violated; and (4) his First Amendment rights were violated because he was denied the freedom to contract. (*Id.* at 5–15.)

On August 7, 2019, Magistrate Judge Hildy Bowbeer issued an R&R recommending that the Court deny Amen El's Petition finding that claims one, three, and four were procedurally defaulted and that Amen El failed to show that the state court unreasonably applied federal law by finding Amen El suffered no prejudice by the delay in this trial. (R&R at 15, Aug. 7, 2019, Docket No. 37.) Amen El filed Objections to the R&R on August 12, 2019. (Obj. to R&R, Aug. 12, 2019, Docket No. 43.) Petitioner also filed a Motion for Default Judgment on the basis he was moved to a new prison, and a Motion to Supplement that pertained to his Petition. (Sept. 23, 2019, Docket No. 46; Oct. 23, 2019, Docket No. 49.)

**DISCUSSION**

**I.    STANDARD OF REVIEW**

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "Objections which are not specific but merely summarize or repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review" and instead will be reviewed for clear error. *See Mashak v. Minnesota et al.*, Civ. No. 11-473 (JRT/JSM), 2012 WL 928251, at *2 (D. Minn. Mar. 19, 2012). The Court finds that at least some of Amen El's Objections are proper, and the court will review these Objections de novo.

## II. OBJECTIONS

### A. Objection One: Claims One and Three are Procedurally Defaulted

Amen El appears to object to the Magistrate Judge's finding that claim one (to the extent it alleged ineffective assistance of counsel and did not overlap with Amen El's claim for speedy trial violations in claim two) and claim three (alleging a due process violation) were procedurally defaulted. *See, e.g.*, *Murphy v. King*, 652 F.3d 845, 848 (8th Cir. 2011) ("Before seeking federal relief under § 2254, a petitioner ordinarily must 'fairly present' the federal claim to the state courts." (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). Amen El argues that he fairly presented a claim for ineffective assistance of counsel to the state courts by mentioning the Sixth Amendment in the context of his

speedy trial claim and that he fairly presented a due process claim because his claim alleging a state-law-based discovery violation unavoidably raised a federal due process claim.

The Court disagrees. "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Murphy*, 652 F.3d at 849 (cleaned up). Amen El never specifically alleged ineffective assistance of counsel or any due process violation in state court. Because Amen El never fairly presented these claims to the state court, any such claim made now is procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")

Accordingly, the Court will overrule these Objections to the R&R and find that claims one and three of Amen El's Petition are procedurally defaulted.

**B.      Objection Two: Application of *Barker v. Wingo*, 407 U.S. 514 (1972)**

Amen El also objects to the Magistrate Judge's conclusion that the state court reasonably applied *Barker* in denying Amen El's speedy trial claim. *See Barker v. Wingo*,

407 U.S. 514 (1972).[4] In *Barker*, the Supreme Court noted that the right to a speedy trial is "vague" and "amorphous" and must be examined on an ad hoc basis. *Id.* at 521, 522, 530. To that end, the Supreme Court identified four factors that courts should consider when determining whether a petitioner's speedy trial rights have been violated: (1) the length of delay; (2) the reason for the delay; (3) whether the defendant asserted their speedy-trial rights; and (4) whether the defendant was prejudiced by the delay. *Id.* at 530. The Court should assess prong four in "light of the interests" the "speedy trial right was designed to protect" including "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* at 532.

The Court finds the state court reasonably applied *Barker* to find Amen El failed to show prejudice under prong four of *Barker*. *See Thomas I*, 2017 WL 1375279, at *6 (discussing the *Barker* factors). Amen El would not have been released at any time prior to the date his trial took place because he was facing, and was ultimately convicted of, more serious charges during the time he was incarcerated on the attempted-murder charges. Thus, it was reasonable for the state court to find that Amen El failed to show the first two sub-factors—oppressive pretrial incarceration or the need to minimize Amen

---

[4] Amen El also objects to the Magistrate Judge's conclusion that the one-week continuance granted by the district court is not a length of time that can be considered presumptively prejudiced under the length-of-delay factor. However, the Magistrate Judge went on to consider the longer time frame—even though Amen El himself requested the continuance—and still recommended that Amen El's Petition be denied. Therefore, Amen El's Objection to the Magistrate Judge's length-of-delay finding is moot and the Court will overrule it.

El's anxiety—present under prong four of *Barker*. Further, it was reasonable for the state court to conclude Amen El failed to show that the delay prejudiced him as the State diligently pursued Amen El's prosecution and nothing in the record suggests Amen El's defense was otherwise prejudiced by the nine-month delay he himself requested.

Accordingly, the Court will overrule Amen El's Objections and will adopt the Magistrate Judge's R&R as it pertains to *Barker*.

### III.    CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). The petitioner must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994). The Court finds it unlikely that another court would decide the issues raised in Amen El's Petition differently and the issues are not debatable or deserving of further proceedings. The Court therefore concludes that Amen El has failed to make the required substantial showing of the denial of a constitutional right and will deny a Certificate of Appealability.

## CONCLUSION

Because the Court finds that Amen El's Objections are without merit, the Court will overrule them, adopt the R&R, and deny Amen El's Petition for a Writ of Habeas Corpus and his request for default judgment. Further, because Amen El only repeats claims addressed here in his recently filed habeas petition, (ECF No. 20-cv-547), the Court will deny his Petition in that case as well. Finally, because the Court finds that Amen El has failed to make the required substantial showing of a denial of a constitutional right, the Court will also deny Amen El a Certificate of Appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court **OVERRULES** Petitioner's Objections [Docket No. 43], **ADOPTS** the Report and Recommendation [Docket No. 37], and the Petition for Writ of Habeas Corpus 28 U.S.C. § 2254 [Docket No. 1] is **DENIED**;

2. Because Petitioner makes the same claims in a recently filed Petition, [ECF No. 20-cv-547], the Petition in that case [Docket No. 1] is also **DENIED** and Petitioner's application to proceed in forma pauperis [Docket No. 2] is **DENIED**;

3. Petitioner's Motion for Default Judgment [Docket No. 46] is **DENIED**;

4. Petitioner's Motion to Supplement his previous filings [Docket No. 49] is **GRANTED** to the extent that Petitioner already filed a proposed supplement; and

5. The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c)(1) the issues raised in either Petition.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 13, 2020  
at Minneapolis, Minnesota.

                                                                                            JOHN R. TUNHEIM  
                                                                      United States District Judge